Robert J. Neff, Admr. of Estate of Janice Ray Neff, Plaintiff-Appellee, v. Davenport Packing Company, Inc. et al., Defendants-Appellants.

(No. 70-51; ▮▮▮▮▮▮▮▮▮)

Third District—February 26, 1971.

*Rehearing denied April 23, 1971.*

Bozeman, Neighbour, Patton & Noe, of Moline, for appellants.

Eagle & Eagle, of Rock Island, and John S. Perry, of Moline, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Robert Neff, as administrator of the estate of his deceased wife Janice Neff, brought this action in the Circuit Court of Rock Island County seeking to recover damages for wrongful death occasioned by Michael Harris and Davenport Packing Company, defendants. The first count of the complaint was based on the alleged negligence of Harris in the operation of a truck belonging to Davenport Packing, the count further alleging that Harris was an employee of Davenport at the time and accordingly Davenport was liable as principal. Davenport filed a general denial to the count and thereafter plaintiff added count two to the complaint which in addition to alleging the negligence of Harris also alleged that Davenport as owner of the truck negligently entrusted the vehicle

to a person named Harris, knowing that such driver was reckless, incompetent and had been involved in other violations of the vehicle laws. The theory of count two is commonly designated as negligent entrustment. Pursuant to leave granted, Davenport amended its answer to count one by admitting that Harris was its agent and employee operating within the scope of his employment at the time of the event and admitting that if Harris were liable Davenport would also be liable under the doctrine of *respondeat superior.* At the same time Davenport moved to dismiss count two of the complaint on the theory that such count was irrelevant in view of defendant Davenport's admission of agency regarding count one. The trial court denied defendant's motion to dismiss count two but certified that no just reason for delaying appeal existed and we thereafter granted Davenport's petition for leave to appeal.

The only issue presented on this appeal is whether a party not the driver of an automobile, who admits to his liability under *respondeat superior* may also be found liable under the theory of negligent entrustment. Both parties concede this issue is one of first impression in Illinois and consequently we have been referred to cases from other jurisdictions.

■■ It is appellee's initial contention in support of the action of the trial court that par. 43 (2), ch. 110, (Civil Practice Act), Ill. Rev. Stat. 1969, authorizes alternative pleadings even where counts may be contradictory or inconsistent. We have no quarrel with the liberal purpose of alternative pleadings but since the purpose of pleadings is to determine the issues to be tried the propriety of different counts must be considered in the light of the issues admitted or denied. If the defendant Davenport had denied its liability and responsibility for Harris's conduct we would have no difficulty in agreeing with plaintiff that issues existed requiring trial on each count. See *Breeding v. Massey,* 378 F.2d 171.

Where as in the case at bar, the link between the tort feasor and some other party is admitted, as by the principal in the case at bar, there appears to be some division of opinion concerning the propriety of proceeding on liability when based on negligent entrustment. The majority view and the view with which we agree seems to be that issues relating to negligent entrustment become irrelevant when the party so charged has admitted his responsibility for the conduct of the negligent actor. The liability of the third party in either case is predicated initially upon the negligent conduct of the driver and absent the driver's negligence the third party is not liable. Permitting evidence of collateral misconduct such as other automobile accidents or arrests for violation of motor vehicle laws would obscure the basic issue, namely, the negligence of the driver, and would inject into the trial indirectly, that which would otherwise be irrelevant.

See the following cases representing the majority view; *Armenta v. Churchill,* 267 P.2d 303, 42 Cal.2d 448, *Rogers v. McFarland,* 402 S.D.2d 208 (CCA Tex), *Nehi Bottling v. Jefferson,* 84 So.2d 684 (Miss), *Health v. Kirkman,* 240 N.C. 303, 82 S.E.2d 104, *Prosser v. Richmond,* 133 Conn. 253, 50 A.2d 85 and *Houlihan v. McCall,* 197 Hd 130, 78 A.2d 661. See also; *Willis v. Hill,* 116 Ga.App. 848, 159 S.E.2d 145, which although reversed in 224 Ga. 263, 161 S.E.2d 281, such reversal does not appear to have placed Georgia with the minority group of jurisdictions.

Appellee has relied principally on three cases namely, *Breeding v. Massey,* 378 F.2d 171, *Perin v. Peuler,* (Mich) 130 N.W.2d 4 and *Clark v. Stewart,* (Ohio) 185 N.E. 71. The case of *Breeding v. Massey, supra,* offers more support for the defendant than the plaintiff in this case since the court applying Arkansas law in concluding that the defendant had not admitted its responsibility as principal, indicated its opinion might be otherwise if such had been the fact.

*Perin v. Peuler* and *Clark v. Stewart, supra,* can not in our view be satisfactorily reconciled with the majority view. Since neither case finds any vice or unnecessary prejudice in the interjection of collateral issues regarding negligence the final result is not persuasive. Indeed in the Michigan case the majority of the court expresses such indignation at the conduct of the father that it might well have approved liability even absent negligence of the son.

■■ We believe the trial court erred in failing to dismiss count two of the complaint and accordingly this cause is reversed and remanded to the Circuit Court of Rock Island County with directions to proceed in accord with the views expressed herein.

Reversed and remanded with directions.

ALLOY, P. J., and SCOTT, J., concur.