H. EARLE METZGER, Plaintiff-Appellant, v. DANIEL FITZSIMMONS, Defendant-Appellee.

First District (5th Division)   No. 87—2121

Opinion filed October 14, 1988.

Henry Thrush Synek, of Chicago, for appellant.

Howard P. Rosenberg, of Rosenberg & Rosenberg, P.C., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff, H. Earle Metzger (Metzger), from an order dismissing with prejudice two counts of a three-count amended complaint filed against defendant, Daniel Fitzsimmons (Fitzsimmons).

Metzger filed a three-count complaint charging Fitzsimmons with alienation of Metzger's wife's affections (count I); the tort of emotional distress (count II); and for punitive damages (count III). Fitzsimmons filed an amended motion to strike and dismiss the complaint. On June 12, 1987, the trial court granted Fitzsimmons' motion to strike count I

of the complaint, but granted Metzger leave to file a second amended complaint as to that count within 28 days. The court struck with prejudice the emotional distress count II and the punitive damage count III, finding no just cause to delay the enforcement or appeal of the order.

The court was advised in oral argument that Metzger had filed an amended complaint as to count I which was dismissed, and he filed another amended complaint as to that count which still pends in the trial court.

We dismiss the appeal and remand the matter to the trial court for further proceedings for the following reasons.

Both of Metzger's counts charging the intentional infliction of emotional distress (count II) and punitive damages (count III) are predicated on the allegations contained in the count charging alienation of affections (count I). That count still pends in the trial court undisposed of with allegations not part of the record on appeal in this court.

■■ ■ The rules of the supreme court authorize appeals from orders of a trial court that do not dispose of the entire controversy between two parties, but only a part or parts thereof only if the order finds no just reason to delay the enforcement or appeal of the order. (107 Ill. 2d R. 304(a).) The fact that an order contains that language does not make an otherwise nonfinal order appealable. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918; *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 518 N.E.2d 116.) To be final and appealable, a judgment must terminate the litigation on the merits of the cause so that, if affirmed, the trial court has only to proceed with execution of the judgment. (*Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 518 N.E.2d 116.) The order appealed from in this case does not terminate the litigation on the merits of any cause or causes Metzger has against Fitzsimmons. The counts stricken are both based on the allegations contained in the alienation of affections count which still pends in the trial court. If this court were to reverse or affirm, we would be doing both parties an injustice because we would be deciding the crucial issue upon which the two dismissed counts are predicated, and that crucial issue (alienation of affections) still pends undisposed of in the trial court.

Accordingly, we dismiss the appeal.

Appeal dismissed.

LORENZ, P.J., and PINCHAM, J., concur.