CARL SANDBURG VILLAGE CONDOMINIUM ASSOCIATION NO. 1 *et al.*, Plaintiffs, v. FIRST CONDOMINIUM DEVELOPMENT COMPANY *et al.*, Defendants (Eagle II *et al.*, Third-Party Plaintiffs-Appellants; Wiss, Janney, Elstner and Associates, Inc., Third-Party Defendant-Appellee).

First District (6th Division)   Nos. 1—88—3253, 1—88—3380 cons.

Opinion filed April 27, 1990.—Rehearing denied May 30, 1990.

Portes, Sharp, Herbst & Kravets, Ltd., and Jenner & Block, both of Chicago (David I. Herbst and Richard J. Gray, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Laurie A. Siwek, Nancy G. Lischer, and Robert P. Conlon, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:
The subject of this consolidated appeal is an order entered by the

circuit court of Cook County, dismissing count II of both amended third-party complaints which alleged a cause of action for contribution. The issue presented on appeal is whether the third-party plaintiffs have a right to contribution if found in violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*).

Carl Sandburg Village is a residential development in Chicago which includes several high-rise apartment buildings. The buildings were operated as rental property until their conversion to condominiums in 1979. Shortly before the conversion, Eagle II, an Illinois general partnership, purchased four of the buildings and hired First Condominium Development Co. (First Condominium) to execute the conversion of the property. As part of this process, First Condominium was responsible for improvements and repairs, the selection of contractors as well as the inspection, supervision and approval of the work performed. One of the contractors hired was Wiss, Janney, Elstner and Associates, Inc. (Wiss, Janney), a consulting engineering firm, which was retained to review shop drawings, test materials and monitor the progress and quality of the concrete repair work.

Carl Sandburg Village Condominium Association No. 1 (Association 1) is a corporation consisting of the unit owners of buildings C and D, and Carl Sandburg Village Condominium Association No. 2 (Association 2) is a corporation consisting of the unit owners of buildings A and B. Once the conversion occurred, the associations assumed responsibility for the maintenance and management of the common elements of their respective buildings.

As each unit was purchased, the owners comprising Associations 1 and 2 entered into a written agreement with Eagle II and First Condominium which provided that, prior to October 1, 1980, Eagle II and First Condominium would make certain of improvements and repairs including those items identified in the architectural/engineering reports that were prepared as part of the conversion. However, on March 29, 1984, a multicount class action suit was filed by the associations against several defendants including Eagle II and First Condominium alleging several wrongs and injuries including their failure to perform certain repairs and improvements on the converted buildings or the performance of these repairs in a defective manner. The wrongs and injuries germane to this appeal were the alleged deficiencies in the concrete repairs which First Condominium hired Wiss, Janney to monitor and supervise. In the primary complaint plaintiffs sought recovery under numerous common-law and statutory theories. In April 1988, Eagle II and First Condominium (third-party plaintiffs)

filed separate amended third-party complaints against Wiss, Janney. In count II of both complaints, third-party plaintiffs sought contribution for any judgment entered against them under several of the theories of recovery advanced by plaintiffs. Wiss, Janney filed a motion to dismiss count II of the amended third-party complaints, and the trial court granted the motion regarding some of the theories of recovery in the contribution counts and denied the motion regarding other theories. The theories of recovery in the contribution counts dismissed by the trial court which are relevant to this appeal were third-party plaintiffs' claims for contribution if found liable for fraudulent misrepresentation or for violations of the Consumer Fraud Act. Following the partial dismissal of both contribution counts, the trial court entered an order finding that there was no just reason to delay enforcement or appeal of the order.

Third-party plaintiffs appealed the dismissal of their contribution claims relating to the Consumer Fraud Act and fraudulent misrepresentation, and the appeals were consolidated.[1] Thereafter, Wiss, Janney filed a motion to dismiss the appeal for lack of jurisdiction, alleging that the partial dismissal of third-party plaintiffs' contribution counts was not a final order. The third-party plaintiffs filed an objection, and the motion was taken with the case.

■■ ■ Supreme Court Rule 304(a) authorizes appeals from orders of the trial court that do not dispose of the entire controversy if there is an express written finding by the trial judge that there is no just reason to delay enforcement or appeal. (107 Ill. 2d R. 304(a); *Waste Management v. Environmental Protection Agency of Illinois, Inc.* (1985), 137 Ill. App. 3d 619, 625, 484 N.E.2d 1128, 1132.) However, the fact that an order contains the required language does not make an otherwise nonfinal order appealable. (*Metzger v. Fitzsimmons* (1988), 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179, 1180; *McGrew v. Heinold Commodities, Inc.* (1986), 147 Ill. App. 3d 104, 108, 497 N.E.2d 424, 428.) An order is considered final if it disposes of the rights of the parties either on the entire controversy or some definite and separate portion of the subject matter. (*Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 733, 520 N.E.2d 720, 721; *Mar Cement, Inc. v. Diorio Builders, Inc.* (1987), 153 Ill. App. 3d 798, 802, 506 N.E.2d 381, 384.) Generally, the controlling factor in determining

[1]After both appellants filed their briefs, the Illinois Supreme Court held that there was no right to contribution for an intentional tort. (*Gerill v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 538 N.E.2d 530.) Following this decision, both appellants conceded this issue.

whether an order appealed under Supreme Court Rule 304(a) is a final order is whether "the bases for recovery under the counts that are dismissed are different than those under the counts left standing." *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 348, 459 N.E.2d 935, 938.

In the instant case, third-party plaintiffs presented their contribution claims in a single count. Therefore, the trial court's dismissal of only a portion of this count would not generally be a final order. However, the controversy arises in this case because the allegations of the contribution claims are based on the separate theories of recovery advanced by plaintiffs in the primary action. At issue in this appeal are the contribution claims relating to the Consumer Fraud Act. The arguments of both parties regarding the finality of the dismissal order have merit. However, for reasons set forth below, we conclude that even if the order were final, the trial judge's entry of a Rule 304(a) finding was an abuse of discretion. For this reason, we deny the motion to dismiss the appeal. However, we limit this determination to the facts of this case.

The third-party plaintiffs contend that it was improper for the trial court to dismiss their contribution claims relating to the Consumer Fraud Act. They argue that, contrary to the trial court's finding, a violation of the statute is not an intentional tort.

██ In order to establish a violation of the Consumer Fraud Act, a party must show a deceptive act or practice, an intent by the defendant that the plaintiff *rely on the deception* and that the deception occurred in the course of conduct involving a trade or commerce. (*Wheeler v. Sunbelt Tool Co.* (1989), 181 Ill. App. 3d 1088, 1109, 537 N.E.2d 1332, 1346.) Wiss, Janney argues that the intent that a plaintiff rely on the deception is the same as the intent to deceive and which would mean that the statute is an intentional tort.

In *Warren v. LeMay* (1986), 142 Ill. App. 3d 550, 491 N.E.2d 464, the court reviewed a judgment in plaintiff's favor and against Orkin Exterminating Company (Orkin) and Century 21-Baebler Realtors for damage to their home from termite infestation. One of the issues addressed by the court was Orkin's contention that it could not be found liable under the Consumer Fraud Act because it did not intend to deceive the plaintiff. The court held that the intent to deceive was not an element of the statute and that "[b]y its own terms, the statute requires only that a violator intend for a purchaser to rely on his acts or omissions. A party is considered to intend the necessary consequences of his own acts or conduct." The *LeMay* court also stated that a violator's good or bad faith was not important, and that even

innocent misrepresentations may be actionable. *LeMay*, 142 Ill. App. 3d at 566, 491 N.E.2d at 474.

■ In making a determination as to whether specific conduct violates the Consumer Fraud Act, "[T]he center of focus in such matters is not on the intent of the seller but, rather, on the effect that the unlawful conduct might have on the consumer." (*People ex rel. Hartigan v. Stianos* (1985), 131 Ill. App. 3d 575, 579, 475 N.E.2d 1024, 1027.) Furthermore, the court in *General Motors Acceptance Corp. v. Grissom* (1986), 150 Ill. App. 3d 62, 65, 501 N.E.2d 764, 765, held that a plaintiff need not establish all of the elements of fraud. There is also a recognition that the terms of the Consumer Fraud Act are not capable of precise definition, and whether a practice is unfair or deceptive must be decided on a case by case basis. (*Scott v. Association For Childbirth At Home, International* (1981), 88 Ill. 2d 279, 290, 430 N.E.2d 1012, 1018; *Stianos*, 131 Ill. App. 3d at 581, 475 N.E.2d at 1028.) Furthermore, section 11a of the statute expressly provides that, "This Act shall be liberally construed to effect the purposes thereof." Ill. Rev. Stat. 1987, ch. 121½, par. 271a; *LeMay*, 142 Ill. App. 3d at 563, 491 N.E.2d at 471.

■ Applying this reasoning to the instant case, the "intent" required by the statute is only the intent that plaintiffs in the primary action rely on the information that defendants gave them, as opposed to any intent on defendants' part to deceive. Furthermore, to limit the application of the statute to intentional acts of deception would be contrary to the legislative purpose. We thus conclude that a violation of the Consumer Fraud Act may be based on an innocent or negligent misrepresentation as well as one that is intentional. In addition, this determination must be made before a party's right to contribution for his liability under the Consumer Fraud Act can be decided.

■ In this case, a determination has not been made as to whether the liability of the defendants in the primary action is based on conduct which is intentional, negligent or innocent. If they are found liable under the statute, and, in a third-party action, their misrepresentations are found to be intentional, the third-party plaintiffs will not have a right to contribution for violations of the statute. However, if their misrepresentations are found to be the result of negligent or innocent conduct, the third-party plaintiffs may still have a cause of action for contribution against Wiss, Janney. Therefore, the trial court's finding that the third-party plaintiffs did not have a right to contribution for liability under the Consumer Fraud Act was premature, and the entry of the Rule 304(a) finding was an abuse of discretion. See *Fleetwood Development Corp. v. Northbrook Property &*

*Casualty Insurance Co.* (1988), 172 Ill. App. 3d 83, 85-86, 526 N.E.2d 381, 383.

Wiss, Janney further contends, without merit, that the third-party plaintiffs do not have a right to contribution for violations of the Consumer Fraud Act, pursuant to the reasoning of *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 210, 497 N.E.2d 757,759, that a person is not "subject to liability in tort" where the liability is grounded in a statute which proscribes conduct not actionable at common law. However, based on this premise, third-party plaintiffs could have a right to contribution where portions of the Consumer Fraud Act proscribe conduct which is actionable at common law.

Accordingly, we conclude that dismissal of the contribution claims related to the Consumer Fraud Act was error. Therefore, we reverse the order of the circuit court and remand for further proceedings.

Reversed and remanded.

LaPORTA, P.J., and McNAMARA, J., concur.