ROBERT MIRLY *et al.*, Plaintiffs-Appellants, v. STEPHANIE BASOLA *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0408

Opinion filed November 12, 1991.

Coulson & Grimm, of Collinsville (Wesley J. Coulson, of counsel), for appellants.

William C. Evers III, of Collinsville, for appellee Carla Hall.

Couri & Couri, of Winnetka (Phillip E. Couri, of counsel), for appellees Stephanie Basola and Barthalomew P. Basola.

Edward T. McCarthy, of Edwardsville, for appellee Douglas Hartmann.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, Robert and Dorothy Mirly, have appealed under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) from an order of the circuit court of Madison County which dismissed certain counts of

their complaint against defendants, Stephanie Basola, Barthalomew Basola, Douglas Hartmann, d/b/a Hartmann Realtors, Carla Hall, and the Illinois Department of Professional Regulation Estate Recovery Fund. For the reasons which follow, the appeal is dismissed.

The basic facts are these. Stephanie Basola, through her son, Barthalomew, hired Douglas Hartmann of Hartmann Realtors to help her sell her house. The asking price was $45,000. Plaintiffs made a written offer to buy the house for that sum and tendered a $500 earnest money deposit to Hartmann in his capacity as the seller's agent. Although plaintiffs believed their offer had been accepted, Basola subsequently attempted to sell the house to someone else, Carla Hall, for a higher price.

Plaintiffs responded by filing this action in the circuit court of Madison County. Their complaint was in 10 counts. Counts I and II sought specific performance and incidental damages from Stephanie Basola for breach of what plaintiffs claimed was an express written contract to sell the house. Count III paralleled counts I and II but sought recovery based on breach of an implied rather than an express contract.

Count IV alleged misrepresentation by Stephanie and Barthalomew Basola, while count V alleged misrepresentation by Douglas Hartmann, d/b/a Hartmann Realtors. Count VI charged that Hartmann and Barthalomew and Stephanie Basola had violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*), and count VII claimed that Hartmann had breached a fiduciary duty he owed to plaintiffs.

Count VIII asserted a claim for intentional interference with contract by Barthalomew Basola, Hartmann and Carla Hall. Count IX alleged that Hall, Hartmann and Barthalomew Basola had conspired to intentionally interfere with plaintiffs' contract with Stephanie Basola. Finally, count X asked that the Department of Professional Regulation Real Estate Recovery Fund be required to pay to plaintiffs the amount of any judgment entered in their favor against Hartmann "involving acts or conduct in violation of the rules and regulations of [the Department of Professional Regulation] governing the acts and conduct of realtors, to such extent as Defendant Hartmann fails to pay such judgment."

On defendants' motion, the circuit court dismissed counts I, II, III, VIII and IX on the grounds that the claims asserted therein were barred by the Statute of Frauds (Ill. Rev. Stat. 1987, ch. 59, par. 1 *et seq.*). The dismissal of these counts was reaffirmed in a subsequent order issued by the court on March 22, 1991. The March order also dis-

missed count VI to the extent that it sought recovery against Bartholomew Basola. Count VII was dismissed as well, but the court ruled that plaintiffs could amend any of the dismissed counts by requesting leave to do so within 30 days. Plaintiffs sought such leave.

After the March 22 order was entered, the case was assigned to a different judge. In an order entered on May 24, 1991, the new judge expressly adopted his predecessor's determination that counts I through III, VIII and IX were barred by the Statute of Frauds. Pursuant to a request made by defendant Hall, however, the court made a written finding that there was "no just reason for delaying enforcement or appeal" of its orders dismissing those counts. Having made that finding, the court decided to reserve a ruling both on plaintiffs' motion for leave to file an amended complaint and on a defense motion to dismiss count IV, "pending guidance from the Appellate Court." This appeal followed.

■ Before proceeding to the merits of this appeal, we must determine whether we have jurisdiction. Although no jurisdictional challenge has been raised by the parties, we have an independent duty to consider our jurisdiction and to dismiss an appeal on our own motion when jurisdiction is lacking. *Brown v. K.J.S. Co.* (1989), 189 Ill. App. 3d 768, 770, 545 N.E.2d 555, 556.

■ In this case, plaintiffs attempt to invoke our jurisdiction under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). That rule provides that in an action such as this involving "multiple parties or multiple claims for relief ***, [no] appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *** [unless] the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." (134 Ill. 2d R. 304(a).) Although the circuit court here clearly made such a finding, that is not dispositive. The fact that an order contains the language specified by the rule will not operate to make an otherwise nonfinal order appealable. (*Metzger v. Fitzsimmons* (1988), 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179, 1180.) To determine the finality of an order, the court must examine its substance as opposed to its form. *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873, 387 N.E.2d 918, 920.

■ Under this standard, none of the orders entered by the court here can be regarded as final. The circuit court's order of March 22 plainly authorized plaintiffs to seek leave to amend any count of their complaint dismissed by the court, and plaintiffs subsequently requested such leave. They did not elect to stand on their original pleadings. Where, as here, a circuit court dismisses counts of a complaint

but indicates that it will entertain an amended complaint upon a timely motion and the plaintiff does not elect to stand on the stricken counts, the circuit court's dismissal order does not constitute a "final judgment" which can be appealed under Supreme Court Rule 304(a) (134 Ill. 2d.R. 304(a)). *United Air Lines, Inc. v. CEI Industries of Illinois, Inc.* (1986), 148 Ill. App. 3d 332, 343-44, 499 N.E.2d 558, 565.

Nothing in the text of the court's May 24 order alters this conclusion. In that order, the circuit court did not purport to revoke plaintiffs' right to seek leave to file an amended complaint. It merely reserved a ruling on plaintiffs' motion for leave to do so "pending guidance from the Appellate Court" with respect to the issues raised by its previous dismissal orders. It took this action based on the view that resolution of the propriety of the previous dismissal orders before proceeding further would "lead to a more efficient use of the time of all concerned." From this, it appears that what the circuit court actually had in mind was the situation provided for in Supreme Court Rule 308 (134 Ill. 2d R. 308), not that contemplated by Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

■■ ■ Supreme Court Rule 308(a) (134 Ill. 2d R. 308(a)) states that the appellate court may, in its discretion, allow an appeal from an interlocutory order, not otherwise appealable, where that order involves a question of law "as to which there is substantial ground for difference of opinion and *** an immediate appeal from the order may materially advance the ultimate termination of the litigation." Before an interlocutory appeal may be brought under this rule, however, the trial court must make a written finding that the order involves such a question of law, and it must identify the question of law involved. In this case, the May 24 order of the circuit court does neither of these things. Rule 308 (134 Ill. 2d R. 308) therefore cannot serve as a predicate for this appeal. (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 353, 403 N.E.2d 1260, 1262.) Because we can see no other possible basis for exercising our jurisdiction, the appeal must be dismissed.

Appeal dismissed.

CHAPMAN and HOWERTON, JJ., concur.