RICHARD S. SLOMA, Plaintiff-Appellee, v. ARENS CONTROLS, INC., *et al.*, Defendants-Appellants.

First District (1st Division)    No. 1—91—2754

Opinion filed October 12, 1993.

C. Joseph Yast, of Northfield, for appellants.

Kwiatt & Silverman, Ltd., of Chicago (Robert E. Haney and Scott E. Tuckman, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendants Arens Controls, Inc. (Controls), and Arens Industries, Inc. (Industries), appeal from two orders of the circuit court pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The first order, entered December 3, 1990, granted partial summary judgment in favor of plaintiff, Richard S. Sloma (Sloma), and denied defendants' motion for summary judgment on their counterclaim. The second or-

der, entered July 15, 1991, denied defendants' motion to reconsider the partial summary judgment order and stated that there was no just reason to delay enforcement or appeal of the December 3, 1990, order. On appeal, defendants contend that the trial court erred in granting plaintiff's motion for partial summary judgment. For the following reasons, we reverse the judgment of the trial court.

The record sets forth the following relevant facts. Controls is an Illinois corporation and a manufacturer of push-pull cable controls. Industries is a holding company for Controls' stock, and Controls is a wholly owned subsidiary of Industries. Bartlett Richards III (Richards) is president and chairman of the board of both Controls and Industries. Richards hired plaintiff, who is an attorney, to be the chief operating officer of Controls on March 3, 1986, pursuant to an employment agreement. The record reveals that the employment agreement was originally drafted by defendants' attorneys, Lord, Bissell and Brook, but that plaintiff and Richards subsequently made several changes to the agreement prior to signing. Article 3 of the employment agreement provides that plaintiff "will use his best efforts to promote the interests of the company." Article 7 of the employment agreement specifies that plaintiff would fulfill a three-year term, unless he is terminated for "justifiable cause."

Plaintiff also entered into a deferred compensation agreement with Industries. Article 1 of the deferred compensation agreement specifies:

> "An EMPLOYMENT CONTRACT AGREEMENT, also executed as of the first mentioned date above, between Arens Controls, Inc., a wholly-owned unit of Industries and Sloma is specifically incorporated by reference herein wherever relevant and appropriate."

Article 2 of the deferred compensation agreement provides that Industries would compensate plaintiff in the amount of $6,666.67 per month for a total of $240,000 upon completion of three years of employment at Controls. Article 2 further states, "The amount of Industries' deferred compensation obligation will be directly proportional to the number of months, or fraction thereof, of Sloma's full time employment." Article 3 of the deferred compensation agreement provides that upon termination of full-time employment, Industries would pay plaintiff $4,000 per month.

On October 20, 1986, plaintiff was terminated from his position at Controls. In a letter to plaintiff dated October 22, 1986, Richards notified plaintiff that his deferred compensation of $4,000 per month would commence as of February 1, 1987, and continue on a monthly basis for 13.33 months thereafter, until a total of $53,320 was paid to

plaintiff ($53,320 represents eight months at a rate of $6,666.67 per month, pursuant to the deferred compensation agreement). In a subsequent letter to plaintiff dated December 1, 1986, on Controls' letterhead, Richards enclosed a check in the amount of $6,248 ($8,000 less $1,752 withholding) to cover plaintiff's deferred compensation for the months of November and December 1986. Richards stated that "we will continue to send you $4,000 monthly, less withholding, for a total of 13.33 months."

On January 26, 1987, plaintiff filed a wrongful termination lawsuit naming Controls, Industries and Richards as defendants. In count I, plaintiff alleged breach of contract under his employment agreement, and in count II, plaintiff alleged breach of contract under his deferred compensation agreement.[1]

Defendants paid plaintiff an additional $28,000 in deferred compensation in 1987, but some time subsequent to the filing of plaintiff's lawsuit, defendants ceased making deferred compensation payments to plaintiff.

Defendants filed an answer, affirmative defense and a counterclaim on July 7, 1987. In count I of its counterclaim, Controls maintains that plaintiff violated the employment agreement by his failure to use his "best efforts to promote the interests of the Company." As illustration, defendants cited plaintiff's abandonment of certain company work and inventory procedures to the detriment of the company; inadequate management of company funds; loss of a major Controls customer; and wasting of company time by playing backgammon and checkers in the employee lunchroom during work hours. In count II, defendants alleged that plaintiff breached his fiduciary duty to Controls in order to obtain payment of his personal expenses. In count III, defendants alleged that the deferred compensation agreement with Industries is void as a matter of law for lack of consideration running from plaintiff to Industries.

Plaintiff filed an answer to defendants' affirmative defenses and counterclaim on July 28, 1987, and subsequently filed an amended complaint on March 23, 1988. Defendants filed an answer to counts I and II of plaintiff's amended complaint on April 29, 1988.

On September 28, 1989, plaintiff filed a motion for partial summary judgment requesting the sum of $17,320, the amount remaining in deferred compensation allegedly owing him under the deferred compensation agreement with Industries as a result of his eight

---

[1]Plaintiff's additional counts III, IV and V were dismissed prior to plaintiff's filing of his motion for partial summary judgment and are not at issue on appeal.

months of employment. Plaintiff argued that $17,320 is a liquidated amount due him pursuant to the deferred compensation agreement whether or not his termination was lawful. In response, defendants filed a cross-motion for summary judgment, based on the allegations set forth in their counterclaim.

On December 3, 1990, following a hearing, the trial court granted plaintiff's motion for partial summary judgment, awarding plaintiff the sum of $17,320 in deferred compensation, and denied defendants' cross-motion for summary judgment. Plaintiff requested that the order contain Rule 304(a) language so as not to delay his payment. An order reflecting the findings of the trial court was entered, requesting that the parties submit briefs on the issue as to whether Rule 304(a) language should apply to the order.

On January 3, 1991, defendants filed a motion to reconsider. On July 15, 1991, the trial court held a hearing on defendants' motion to reconsider and on plaintiff's request for the inclusion of Rule 304(a) language in the December 3, 1990, order. Defendants argued that Rule 304(a) language is inappropriate because issues of fact exist as to whether plaintiff breached his contracts with or duties to Controls and Industries, and as to whether plaintiff is entitled to recover any benefits at all under his contracts with Controls and Industries. Plaintiff responded that Rule 304(a) language is proper because plaintiff's performance under the employment agreement with Controls is not germane to plaintiff's deferred compensation agreement with Industries. Plaintiff further argued that defendants failed to raise any new issues in their motion to reconsider which had not already been considered by the trial court. At the conclusion of the hearing, the trial court denied defendants' motion to reconsider and granted plaintiff's request for insertion of Rule 304(a) language. The order entered reflected the trial court's decision and included the language: "There is no just cause to delay enforcement or appeal of the 12-3-1990 order granting plaintiff partial summary judgment." Defendants' timely appeal followed.

On appeal, defendants initially contend that the trial court's partial summary judgment order of July 15, 1991, failed to dispose of any party or any claim as required by Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) and that this court therefore lacks jurisdiction over this appeal. Plaintiff responds that the parties, subject matter and issues under count I are separate from those under count II. Plaintiff argues that Controls only filed a counterclaim in response to count I and therefore has no standing to contest the summary judgment order entered against Industries in connection with count II.

Supreme Court Rule 304(a) authorizes appeals from orders of the

trial court that do not dispose of the entire controversy if there is an express written finding by the trial judge that there is no just reason to delay enforcement or appeal. (134 Ill. 2d R. 304(a); *Carl Sandburg Village Condominium Association No. 1 v. First Condominium Development Co.* (1990), 197 Ill. App. 3d 948, 557 N.E.2d 246.) However, the fact that an order contains the required language does not make an otherwise nonfinal order appealable. *(Mirly v. Basola* (1991), 221 Ill. App. 3d 182, 581 N.E.2d 901; *Metzger v. Fitzsimmons* (1988), 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179, 1180.) An order is considered final if it disposes of the rights of the parties either on the entire controversy or some definite and separate portion of the subject matter. *(Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 518 N.E.2d 116; *Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096, 1103, 569 N.E.2d 1273.) Generally, the controlling factor in determining whether an order appealed under Rule 304(a) is a final order is whether the bases for recovery under the counts that are dismissed are different from those under the counts left standing. *(Arachnid,* 210 Ill. App. 3d at 1103, 569 N.E.2d at 1277, citing *Sandburg,* 197 Ill. App. 3d at 951-52.) It is well settled that the statement of a single claim in several ways does not warrant a separate appeal. *Viirre v. Zayre Stores, Inc.* (1991), 212 Ill. App. 3d 505, 512, 571 N.E.2d 209.

■ We reject plaintiff's contention that defendants be considered separately for purposes of the summary judgment motion. The record here shows that plaintiff sought relief against both Controls and Industries. Counts I and II of plaintiff's amended complaint stem from the same operative facts and are premised on a theory of breach of contract: plaintiff seeks a money judgment under the employment agreement and the deferred compensation agreement, two inter-related contracts. The record reveals that there is no definitive separation between Controls and Industries: Richards is president and chief executive officer of both Controls and Industries; Industries is a holding company for Controls' stock; and Controls is a wholly owned subsidiary of Industries. The employment agreement and the deferred compensation agreement were entered into on the same day, March 3, 1986, and between the same parties, plaintiff and Richards. Article 1 of the deferred compensation agreement specifies that the employment agreement is incorporated by reference. The record further shows that compensation was paid by both companies to plaintiff. Thus, plaintiff's basis of recovery in count II is inextricably intertwined with his basis of recovery in count I.

Under the circumstances, the orders of December 3, 1990, and July 15, 1991, were not final. We conclude that even if the orders

were final, the trial judge's entry of a Rule 304(a) finding was in error. However, defendants' counterclaim is based on separate theories of recovery. For this reason, we decline to dismiss the appeal, limiting this determination to the facts of this case. See *Sandburg*, 197 Ill. App. 3d at 952.

Defendants contend that the trial court improperly granted plaintiff's motion for partial summary judgment. Defendants argue that genuine issues of material fact exist concerning whether plaintiff is entitled to any recovery at all, and whether defendants are entitled to recover the compensation paid to plaintiff as a result of his alleged breach of contract.

Summary judgment is a drastic method of terminating litigation and, therefore, should be allowed only when the right of the moving party is clear and free from doubt. (*Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 233, 564 N.E.2d 778, 780.) The motion shall be granted only if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (*Logan*, 139 Ill. 2d at 234.) Accordingly, the court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party.

■ The record indicates that plaintiff's claim is not free from doubt. In count II, plaintiff alleges that he has suffered damages in excess of $50,000, but the partial summary judgment order awards him only $17,320. Moreover, the order does not address the merits of defendants' counterclaim. Were the defendants to prevail at trial on their counterclaim, plaintiff may not be entitled to the $17,320 awarded him by the trial court. Indeed, in granting plaintiff's motion for partial summary judgment, the trial court recognized that these issues remained to be resolved, stating:

> "THE COURT: *** As to these other matters, I agree there's questions of fact; that is, as to whether he [the plaintiff] was wrongfully terminated, whether he breached his loyalty as an employee of the company, whether or not he put his interest above the company's interest, and all of these other issues will continue."

We previously stated that plaintiff's counts I and II are interrelated and that defendants are inseparable for all interests and purposes of this case. Consequently, genuine issues of material fact exist so as to preclude the granting of partial summary judgment in plaintiff's favor. We therefore reverse the trial court's orders of December 3, 1990, and July 15, 1991, as in error.

For the above reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.