ADOLPHUS GANT, Plaintiff-Appellant, v. L.U. TRANSPORT, INC., Defendant-Appellee.

First District (6th Division) No. 1—01—1910

Opinion filed May 17, 2002.

Scott Beal, of Boudreau & Beal, P.C. of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, Alan R. Lipton, and Christine L. Olson, of counsel), for appellee.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, Adolphus Gant, appeals from an order of the trial court dismissing count II of his first amended complaint against defendant, L.U. Transport, Inc. We affirm.

On February 14, 1998, a motor vehicle accident occurred on the Dan Ryan Expressway near the 95th Street interchange in Chicago, Illinois, resulting in a seven-vehicle pileup. At the time, plaintiff was operating a tandem tractor-trailer in the course of his employment. Directly behind plaintiff, an employee of defendant was operating a tractor-trailer in the course of his employment. The front of the vehicle operated by defendant's employee struck the rear of the vehicle operated by plaintiff.

Plaintiff filed a two-count first amended complaint against defendant to recover for the injuries he sustained as a result of the accident. Count I alleged negligence under a theory of *respondeat superior*. Count II alleged negligence under the theory of negligent hiring and retention. In its answer, defendant admitted the allegations in

count I. Defendant filed a motion to dismiss count II on the ground that an employer who has admitted *respondeat superior* responsibility for the conduct of its employees cannot also be sued for negligent hiring or retention of that employee. The trial court granted defendant's motion to dismiss count II. The dismissal order contained a Rule 304(a) (155 Ill. 2d R. 304(a)) finding. Plaintiff now appeals.

We first address the threshold issue of whether we have jurisdiction over this appeal. Although plaintiff has stated that this court has jurisdiction pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), defendant contends that this court lacks jurisdiction over this appeal.

■ Rule 304(a) provides, in relevant part, as follows:

"(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a).

If, however, the trial court's order was not in fact final, the mere fact that the order contains the required Rule 304(a) language does not make the order final and appealable. *Sloma v. Arens Controls, Inc.*, 269 Ill. App. 3d 666, 670, 645 N.E.2d 238, 240 (1993).

Defendant asserts that, despite the fact that the trial court's order contained the requisite express written finding required by Rule 304(a) language, this court has no jurisdiction over this matter. Citing *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 571 N.E.2d 209 (1991), defendant argues that the trial court's order did not dismiss plaintiff's entire negligence claim. We believe the instant case is distinguishable from *Viirre*, which involved a single negligence claim. As the court in *Viirre* explained, the statement of a single claim in several ways does not warrant a separate appeal. *Viirre*, 212 Ill. App. 3d at 512, 571 N.E.2d at 214.

■ Generally, the controlling factor in determining whether an order appealed under Rule 304(a) is a final order is whether the bases for recovery under the dismissed counts are different from those under the counts left standing. *Sloma*, 269 Ill. App. 3d at 670, 645 N.E.2d at 241. In *Viirre*, plaintiff's single-count complaint did not involve multiple claims, but only a single claim of negligence. By contrast, plaintiff here has filed a two-count complaint, involving different claims of negligence: (1) negligence under a theory of *respondeat superior*, and (2) negligent hiring, retention and entrustment. These are separate and distinct claims with separate bases for recovery. An

employer's liability under a *respondeat superior* theory for the acts of its employees is distinct from its liability for negligent hiring, retention or entrustment. See, *e.g., Montgomery v. Petty Management Corp.*, 323 Ill. App. 3d 514, 519, 752 N.E.2d 596, 600 (2001). A negligence claim brought under a *respondeat superior* theory is based upon an employer's vicarious liability for the wrongful acts of its employees. By contrast, a negligence claim brought under a theory of negligent hiring or retention is based upon the employer's negligence in hiring or retaining the employee, rather than the employee's wrongful act. *Van Horne v. Muller*, 185 Ill. 2d 299, 311, 705 N.E.2d 898, 905 (1998).

Because the basis for recovery under the count that was dismissed, negligent hiring, retention and entrustment, is different from the basis for recovery under the count left standing, negligence based upon a *respondeat superior* theory, this court has jurisdiction, pursuant to Supreme Court Rule 304(a), over the trial court's order dismissing count II of plaintiff's amended complaint. Hence, we shall address the merits of plaintiff's appeal.

Our review of the trial court's order granting defendant's motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)) is *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993). The issue presented for review is whether a plaintiff who is injured in a motor vehicle accident can maintain a claim for negligent hiring, retention and entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory. The trial court here determined that the count based on negligent hiring, retention and entrustment could not stand under the holdings of this court in *Ledesma v. Cannonball, Inc.*, 182 Ill. App. 3d 718, 538 N.E.2d 655 (1989), and *Neff v. Davenport Packing Co.*, 131 Ill. App. 2d 791, 268 N.E.2d 574 (1971). Plaintiff now argues that *Ledesma* and *Neff* are no longer applicable in view of the adoption of comparative negligence by the Illinois Supreme Court in *Alvis v. Ribar*, 85 Ill. 2d 1, 421 N.E.2d 886 (1981).

■ In 1971, the *Neff* court agreed with the majority view that once an employer admits responsibility under *respondeat superior*, a plaintiff may not proceed against the employer on another theory of imputed liability such as negligent entrustment or negligent hiring. See *Neff*, 131 Ill. App. 2d at 792-93, 268 N.E.2d at 575 (and cases cited therein). This remains the view of the majority of jurisdictions. See *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995) (and cases cited therein). The rationale for this rule was explained by the *Neff* court as follows:

"[I]ssues relating to negligent entrustment become irrelevant when

the party so charged has admitted his responsibility for the conduct of the negligent actor. *The liability of the third party in either case is predicated initially upon the negligent conduct of the driver and absent the driver's negligence the third party is not liable.* Permitting evidence of collateral misconduct such as other automobile accidents or arrests for violation of motor vehicle laws would obscure the basic issue, namely, the negligence of the driver, and would inject into the trial indirectly, that which would otherwise be irrelevant." (Emphasis added.) *Neff*, 131 Ill. App. 2d at 792-93, 268 N.E.2d at 575.

In 1989, this court reaffirmed the *Neff* holding and its rationale in *Ledesma v. Cannonball, Inc.*, 182 Ill. App. 3d 718, 538 N.E.2d 655 (1989). Plaintiff now argues that, because Illinois became a comparative negligence jurisdiction in 1981, *Ledesma* was wrongly decided in 1989 and urges us to overrule the decision. Although the *Ledesma* court did not address the issue of the applicability of the *Neff* holding in a comparative negligence jurisdiction, we reaffirm *Ledesma v. Cannonball, Inc.*, 182 Ill. App. 3d 718, 538 N.E.2d 655 (1989), and find that *Neff v. Davenport Packing Co.*, 131 Ill. App. 2d 791, 268 N.E.2d 574 (1971), is still applicable. Notwithstanding the fact that Illinois is a comparative negligence jurisdiction, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment[1] against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory.

In a motor vehicle accident, comparative fault as it applies to the plaintiff should end with the parties to the accident. A plaintiff's comparative negligence remains the same, regardless of whether the remaining fault can be allocated in part to the employer based on negligent entrustment. Although negligent entrustment may establish independent fault on the part of the employer, it should not impose additional liability on the employer. The employer's liability under negligent entrustment, because it is predicated initially on, and therefore is entirely derivative of, the negligence of the employee, cannot exceed the liability of the employee. Regardless of whether the employer is actually guilty of the separate tort of negligent entrustment, the employer who concedes responsibility under the theory of *respondeat superior* is strictly liable for the employee's negligence. The

---

[1]Count II of plaintiff's amended complaint was titled "Negligent Hiring and Retention" but contained allegations of negligent hiring, retention and entrustment. For our purposes here, the analysis is the same as to all three theories. Thus, consistent with the opinion of the court in *Neff*, we shall hereinafter refer to the theory of negligent entrustment.

employer is thus responsible for *all* the fault attributed to the negligent employee, but *only* the fault attributed to the negligent employee as compared to the other parties to the accident.

We find persuasive the following reasoning of the *McHaffie* court:

"The reason given for holding that it is improper for a plaintiff to proceed against an owner of a vehicle on the independent theory of imputed negligence where *respondeat superior* is admitted has to do with the nature of the claim. Vicarious liability or imputed negligence has been recognized under varying theories, including agency, negligent entrustment of a chattel to an incompetent, conspiracy, the family purpose doctrine, joint enterprise, and ownership liability statutes. If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. [Citations.] Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee. [Citation.] *This is true regardless of the 'percentage of fault' as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.*" (Emphasis added.) *McHaffie*, 891 S.W.2d at 826.

As the *McHaffie* court explained, allowing the simultaneous submission of these two separate theories would create the possibility that an employer's negligent entrustment of a vehicle to an employee would result in a greater percentage of fault to the employer than is attributable to the employee. That, the *McHaffie* court stated, is "plainly illogical." *McHaffie*, 891 S.W.2d at 827. We agree with the reasoning of the *McHaffie* court.

The doctrine of *respondeat superior* and the doctrine of negligent entrustment are simply alternative theories by which to impute an employee's negligence to an employer. Under either theory, the liability of the principal is dependent on the negligence of the agent. If it is not disputed that the employee's negligence is to be imputed to the employer, there is no need to prove that the employer is liable. Once the principal has admitted its liability under a *respondeat superior* theory, such as in the instant case, the cause of action for negligent entrustment is duplicative and unnecessary. To allow both causes of action to stand would allow a jury to assess or apportion a principal's

liability twice. The fault of one party cannot be assessed twice, regardless of the adoption of comparative negligence.

■ We do not believe that the Illinois Supreme Court's decision in *Lockett v. Bi-State Transit Authority*, 94 Ill. 2d 66, 445 N.E.2d 310 (1983), stands for the proposition that the adoption of comparative negligence rendered *Neff* no longer viable. The *Lockett* court held that *Neff*'s rationale does not apply when the entrustment alleged is willful and wanton. The instant case involves allegations of negligent entrustment. Thus, *Neff* is apposite; *Lockett* is inapposite.

■ In view of the foregoing, we conclude that the holdings of *Ledesma v. Cannonball, Inc.*, 182 Ill. App. 3d 718, 538 N.E.2d 655 (1989), and *Neff v. Davenport Packing Co.*, 131 Ill. App. 2d 791, 268 N.E.2d 574 (1971), are still applicable in Illinois. We hold that Illinois's adoption of comparative negligence did not affect the rule that once an employer admits responsibility under *respondeat superior*, a plaintiff may not proceed against the employer on a theory of negligent hiring, negligent retention or negligent entrustment. We affirm the order of the circuit court of Cook County granting defendant's motion to dismiss count II of plaintiff's first amended complaint.

Affirmed.

BUCKLEY and O'BRIEN, JJ., concur.