TYRONE THOMPSON, Plaintiff-Appellant, v. THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra/ Metropolitan Rail, *et al.*, Defendants-Appellees.

First District (5th Division)  No. 1—04—3147

Opinion filed August 11, 2006.

Ian Brenson, of La Grange, for appellant.

Frederick P. Johnston, Jr., and George H. Brant, both of Chicago, for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Tyrone Thompson, appeals from the jury's verdict in favor of defendant Union Pacific Railroad Company (Union Pacific) on plaintiff's negligence complaint. On appeal, plaintiff contends the circuit court erred in: (1) granting summary judgment, on the basis of federal preemption, against plaintiff on count II of plaintiff's amended complaint; and (2) restricting his counsel's attempts to explain to the jury one of the verdict forms. We affirm.

On November 13, 1996, a commuter train operated by Union Pacific struck a blue Oldsmobile Cutlass driven by plaintiff at the

Ninth Avenue crossing in Maywood, Illinois. Plaintiff filed a two-count amended complaint with count I alleging negligence and count II alleging negligent entrustment, supervision and retention. Since count II contained allegations relating to the training, qualifications and supervision of Kent Enos, the engineer conducting the train at the time of the accident, defendant moved pretrial for summary judgment on the ground that rules promulgated by the Federal Railroad Administration (FRA) and applicable federal statutes preempted these state law claims. The trial court agreed, granting defendant's motion for summary judgment as to count II of plaintiff's amended complaint.

At trial, plaintiff testified that on the day of the accident, as he crossed the intersection, the gate was not down, the warning bell did not sound, the red lights did not flash and a train horn never sounded. Plaintiff presented two witnesses who testified similarly.

Defense witnesses testified that the gate was down and the crossing signals were activated at the time of the accident. These witnesses also stated that they observed a blue car veer out of the line of waiting cars and drive around the lowered gate where it collided with the commuter train.

Mr. Enos testified that as he approached the Ninth Avenue intersection, he observed a vehicle drive onto the crossing. Mr. Enos testified that he sounded the train horn and applied the emergency brakes prior to the collision.

The jury found in favor of defendant. The trial court denied plaintiff's motion for a new trial. Plaintiff filed this timely appeal.

First, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant on count II of plaintiff's amended complaint. Summary judgment is appropriate where the pleadings, depositions and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). Review is *de novo. Adams*, 211 Ill. 2d at 43.

■ The trial court did not err in granting summary judgment based on federal preemption. Generally, federal law preempts a state statute when a conflict between the two arises. *Maryland v. Louisiana*, 451 U.S. 725, 746, 68 L. Ed. 2d 576, 595, 101 S. Ct. 2114, 2128-29 (1981). However, preemption must be the clear and manifest purpose of Congress. *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 123 L. Ed. 2d 387, 113 S. Ct. 1732 (1993). The Federal Railroad Safety Act (FRSA) contains an express preemption clause:

"A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of

Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement." 49 U.S.C. §20106 (Supp. II 2002).

Regulations adopted pursuant to the FRSA preempt state law tort claims only if they substantially subsume the subject matter of the relevant state law. *In re Derailment Cases*, 416 F.3d 787, 793 (8th Cir. 2005).

The FRA is authorized to prescribe regulations and issue orders for every area of railroad safety. *In re Derailment Cases*, 416 F.3d at 793. These regulations are intended to "promote safety in all areas of railroad operations in order to reduce deaths, injuries and damage to property resulting from railroad accidents." 49 C.F.R. §212.101(a) (2005). Federal regulations have been passed regarding track inspection (see, *e.g.*, 49 C.F.R. §213.233 (2005)) and employee training (see, *e.g.*, 49 C.F.R. §§217.1, 240.123 (2005)). Federal regulations provide that inspectors will "determine the extent to which the railroads, shippers, and manufacturers have fulfilled their obligations with respect to inspection, maintenance, training, and supervision." 49 C.F.R. §212.101(b)(1) (2005). Accordingly, federal courts have found federal preemption of state law claims involving negligent track inspection (*Lundeen v. Canadian Pacific Ry. Co.*, 447 F.3d 606 (8th Cir. 2006)), employee training (*Union Pacific R.R. Co. v. California Public Utilities Comm'n*, 346 F.3d 851 (9th Cir. 2003)), and engineer certification (*Peters v. Union Pacific R.R. Co.*, 80 F.3d 257 (8th Cir. 1996)).

In the present case, count II of plaintiff's amended complaint contained allegations relating to the training, qualifications, and supervision of Kent Enos, the engineer conducting the train at the time of the accident. As discussed above, the FRSA and rules promulgated pursuant thereto preempt those state law claims. Accordingly, the trial court did not err by granting summary judgment for defendant on plaintiff's claims in count II relating to the training, qualifications, and supervision of Kent Enos.

Also, the trial court did not err in granting defendant's motion for summary judgment on plaintiff's claim in count II for negligent entrustment, as the claim of negligent entrustment was duplicative of count I. Count I alleged, in relevant part, that defendant, by and through its agent (*i.e.*, Kent Enos), negligently operated the train, drove the train at an unreasonable speed and failed to reduce the speed of the train, failed to maintain a reasonably careful lookout, and failed to sound the horn or stop after seeing the plaintiff's vehicle. Thus, count I effectively alleged a cause of action based on *respondeat*

*superior.* Count II alleged in relevant part that defendant negligently entrusted control of the train to Mr. Enos, when it knew or should have known that Mr. Enos had a history of negligent driving and numerous accidents, and knew or should have known that he would operate the train in a negligent and dangerous manner.

The doctrine of *respondeat superior* and the doctrine of negligent entrustment are simply alternative theories by which to impute an employee's negligence to an employer. *Gant v. L.U. Transport, Inc.,* 331 Ill. App. 3d 924, 929 (2002). Under either theory, the liability of the principal is dependent on the negligence of the agent. *Gant,* 331 Ill. App. 3d at 929. If it is not disputed that the employee's negligence is to be imputed to the employer under the doctrine of *respondeat superior,* then the cause of action for negligent entrustment is duplicative and unnecessary. *Gant,* 331 Ill. App. 3d at 929; see also *Ledesma v. Cannonball, Inc.,* 182 Ill. App. 3d 718, 727-28 (1989). To allow both causes of action to stand would allow the jury to assess or apportion the principal's liability twice. *Gant,* 331 Ill. App. 3d at 929-30.

In the present case, defendant did not dispute that Mr. Enos was its agent and acting within the scope of employment at the time of the accident and, thus, that it would be liable for any negligent acts under the theory of *respondeat superior.* Further, the trial court instructed the jury as follows:

> "Kent Enos was the agent of the defendant, Union Pacific, at and before the time of this occurrence. Therefore, any act or omission of the agent at that time was in law the act or omission of the defendant, Union Pacific."

As defendant did not dispute that Mr. Enos's negligence (if any) may be imputed to it under the theory of *respondeat superior,* the cause of action pleaded in count II for negligent entrustment was duplicative. Accordingly, the trial court did not err in granting summary judgment for defendant on count II of plaintiff's amended complaint.

Count II also contained an allegation of negligent retention, *i.e.,* that defendant was negligent for retaining Mr. Enos when it knew or should have known of his history of unsafe operation of trains. The analysis as to plaintiff's negligent retention count is the same as to the negligent entrustment count, discussed above. Accordingly, we affirm the grant of summary judgment as to count II of plaintiff's amended complaint.

Plaintiff contends that the trial court did not rely on the duplicative nature of his negligent entrustment and negligent retention claims when granting defendant's motion for summary judgment on count II. However, the reviewing court may sustain the decision of the circuit

court on any grounds that are called for by the record regardless of whether they were relied on by the circuit court. *Canada Life Assurance Co. v. Salwan*, 353 Ill. App. 3d 74, 79 (2004).

■ Next, plaintiff contends that the trial court erred in restricting his counsel's attempts to explain verdict form B to the jury during closing arguments. Plaintiff, however, does not cite any cases in support of his argument. On appeal, parties must provide legal authority to support their contentions and the failure to do so results in waiver of the argument. *Bianchi v. Savino Del Bene International Freight Forwarders, Inc.*, 329 Ill. App. 3d 908, 917 (2002).

Further, review of the record indicates that when defense counsel objected to plaintiff's explanation of the verdict form, the court overruled the objection and allowed the plaintiff to explain verdict form B to the jury. There was no error.

For the foregoing reasons, we affirm the circuit court.

Affirmed.

GALLAGHER, P.J., and O'MARA FROSSARD, J., concur.