Charlotte **LORIO,** Special Administrator of the Estate of Samuel B. Lorio, Deceased, Plaintiff,

v.

Ted **CARTWRIGHT,** Ranger Transportation, Inc., Joseph Shonk and Pioneer Transportation Systems, Inc., Defendants.

Joseph **SHONK,** Cross–Plaintiff,

v.

Ted **CARTWRIGHT** and Ranger Transportation, Inc., a Delaware Corporation, Cross–Defendants.

No. 88 C 5576.

United States District Court, N.D. Illinois, E.D.

July 19, 1991.

Frederick S. Grahn, Chicago, Ill., for Charlotte Lorio.

Michael Edward Dowd, Dowd & Dowd, Ltd., Chicago, Ill., for Ted Cartwright.

Peter David Kasdin, Regina Maria Picone, Peter D. Kasdin, Ltd., Charles Britton Lewis, Richard Brandon Foster, III, Moira A. Dages, Baker & McKenzie, Chicago, Ill., for Ranger Transp., Inc. and Joseph Shonk.

Charles Britton Lewis, Richard Brandon Foster, III, Moira A. Dages, Baker & McKenzie, for Pioneer Transp. Systems, Inc.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Cross-defendants, Ranger Transportation, Inc., and Ted Cartwright, have moved to dismiss Count III of cross-plaintiff Joseph Shonk's cross-claim. The parties filed memoranda in support of and opposition to this motion.

Cross-defendants argued:

2. Counts I and II are directed against defendants CARTWRIGHT and RANGER TRANSPORTATION, INC., respectively. Count II alleges the existence of agency relationship between defendants CARTWRIGHT and RANGER TRANSPORTATION, INC.

3. The defendants have filed their Answers to Counts I and II wherein they admit that TED CARTWRIGHT was acting within the scope of his employment when the motor vehicle collision occurred.

4. Count III of the Amended Counterclaim [sic] is directed solely against RANGER TRANSPORTATION, INC., and seeks recovery under a negligent entrustment theory.

5. In view of the fact that defendant RANGER TRANSPORTATION, INC., has admitted that its agent, TED CARTWRIGHT, was acting within the scope of his employment when the accident occurred, the negligent entrustment count must fall.

Cross-defendants rely upon the holding and reasoning of *Neff v. Davenport Packing Company*. *Neff v. Davenport Packing Company*, 131 Ill.App.2d 791, 268 N.E.2d 574 (1971). See also *Ledesma v. Cannonball, Inc.*, 182 Ill.App.3d 718, 131 Ill.Dec. 280, 538 N.E.2d 655 (1989). The court requested the parties to submit supplemental memoranda on the effect that the adoption of comparative negligence in Illinois has on the viability of the holding and reasoning of *Neff.* See *Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981); *Neff v. Davenport Packing Company*, 131 Ill. App.2d 791, 268 N.E.2d 574 (1971). The parties have submitted the requested memoranda, and the court is now prepared to rule on cross-defendants' motion to dismiss Count III of the cross-claim.

In *Neff,* the court reasoned:

[I]ssues relating to negligent entrustment become irrelevant when the party so charged has admitted his responsibility for the conduct of the negligent actor. The liability of the third party in either case is predicated initially upon the negligent conduct of the driver and absent the driver's negligence the third party is not liable. Permitting evidence of collateral misconduct such as other automobile accidents or arrests for violation of motor vehicle laws would obscure the basic issue, namely, the negligence of the driver, and would inject into the trial indirectly, that which would otherwise be irrelevant.

*Neff v. Davenport Packing Company*, 131 Ill.App.2d 791, 792, 268 N.E.2d 574, 575 (1971). The Illinois Supreme Court, in a case recognizing that the holding in *Neff* should not be applied overly broadly, explained the rule in *Neff* as follows:

*Neff,* a pre-*Alvis* case, is inapposite here. Prior to *Alvis v. Ribar* (1981), 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886, recovery under a negligent-entrustment theory was necessarily premised on an initial finding of negligent conduct by the tortfeasor coupled with nonnegligent behavior on the part of the plaintiff. Because

the defendant-principal was only charged with the negligence of the tortfeasor agent, the sole purpose of allowing the cause of action was to create a chain of liability. When the defendant-principal acknowledged his responsibility for the alleged negligence of the tortfeasor-agent, however, no reason existed to allow the plaintiff to introduce proof of the negligence of the defendant-principal in the form of potentially inflammatory evidence concerning the defendant's knowledge of prior misconduct on the part of the tortfeasor.

*Lockett v. Bi–State Transit Authority*, 94 Ill.2d 66, 73, 67 Ill.Dec. 830, 833–34, 445 N.E.2d 310, 313–14 (1983).

The rationale of *Neff* is very powerful in a contributory negligence jurisdiction. In such a jurisdiction, the entrustee-agent will be either totally liable for plaintiff's damages or not at all liable for plaintiff's damages. If the entrustee is not at all liable for plaintiff's damages, whether it is because the entrustee was not negligent or the plaintiff was contributorily negligent, the entrustor-principal cannot be liable for any part of plaintiff's injuries under either the respondeat superior theory or the negligent entrustment theory. If on the other hand the entrustee was liable and the entrustor's responsibility for the acts of the agent admitted, the entrustor-principal would be liable under the respondeat superior theory. Under the latter circumstances, it is unnecessary to determine whether the entrustor-principal was also liable under the negligent entrustment theory as the amount of plaintiff's recovery under that theory would be identical to the amount of plaintiff's recovery under the respondeat superior theory. Because it is unnecessary, and because the evidence of negligent entrustment tends to be highly prejudicial, the rule set forth in *Neff* makes eminent sense in a contributory negligence jurisdiction.

The reasoning for the rule of *Neff* loses much of its force, however, under comparative negligence. Under comparative negligence, it is necessary for a trier of fact to determine percentages of fault for a plaintiff's injuries attributable to the negligence of plaintiff, the negligence of each defendant, and the negligence of other non-parties. See Ill.Ann.Stat., ch. 110, §§ 2–1116, 2–1117 (West, 1991 Supp). See, e.g., Illinois Pattern Jury Instructions: Civil No. B45.03.A, Notes on Use (West, 3d ed. 1990 Supp). In a negligent entrustment action:

It is absurd to argue the entrustee's negligence is the sole proximate cause of a negligent entrustment plaintiff's injuries, not only because such a suggestion runs counter to comparative negligence law, but because it would always cut off the liability of an entrustor to a third-party plaintiff. If the entrustor cannot be considered a partial cause of the injury, a third-party plaintiff's only remedy would be against the entrustee. Such a result would frustrate the theory behind negligent entrustment actions, which is to put the burden of the expense caused by the accident on the owner who, unlike the driver, is expected to carry the necessary insurance to cover such risks. Prosser, The Law of Torts § 73, at 481 (4th ed. 1971).

*King v. Petefish*, 185 Ill.App.3d 630, 640, 133 Ill.Dec. 636, 642, 541 N.E.2d 847, 853 (1989).

In the *Neff* situation, the negligence of the entrustor-principal is not the same as the negligence of the entrustee-agent. Under contributory negligence that difference did not matter for purposes of liability; if the entrustee-agent was liable, the entrustor-principal was necessarily liable under respondeat superior. Whether the entrustor-principal had also negligently entrusted the vehicle to the entrustee-agent did not matter because liability under the negligent entrustment theory would not add in the slightest to the amount of the judgment against the entrustor-principal. However, under comparative negligence that difference between the negligence of the entrustor and the entrustee matters a great deal. If plaintiff were to prevail on both the negligence claim against the entrustee-agent and on the negligent entrustment claim against the entrustor-principal, the entrustor-principal would be liable for the percentage of plaintiff's damages caused

by the entrustee-agent's negligence and for the percentage of plaintiff's damages caused by the entrustor-principal's separate negligence in entrusting the vehicle to the entrustee-agent. This could make a great deal of difference in the amount of the judgment.

It would not be possible for a finder of fact to make the necessary determination of degrees of fault without having before it the evidence of the entrustor-principal's negligence in entrusting the vehicle to the entrustee-agent. This court is accordingly of the view that the rule in *Neff* is no longer viable because of the adoption of comparative negligence in Illinois and is of the opinion that the Illinois Supreme Court would so hold were it to decide the issue. See, e.g., *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Indiana Harbor Belt Railroad Company v. America Cyanamid Company*, 916 F.2d 1174, 1176 (7th Cir.1990); *Green v. J.C. Penney Auto Insurance Company, Inc.*, 806 F.2d 759, 761 (7th Cir.1986). Therefore, cross-defendants are not entitled to dismissal of Count III of the cross-claim.

ORDERED: The motion of cross-defendants to dismiss Count III of cross-plaintiff's cross-claim is denied.